IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 16-06163 (MCF) |
| LEE EMANUEL HEEB ZAYAS | CHAPTER 13 |
| Debtor | |
| LEE EMANUEL HEEB ZAYAS | ADVERSARY CASE NO. 22-00068 |
| Plaintiff | |
| V. | |
| DEPARTMENT OF TREASURY OF PUERTO RICO | |
| Defendant | |

## OPINION AND ORDER

The Treasury Department of the Commonwealth of Puerto Rico (the "Defendant") filed a Notice of Injunction requesting the stay of the instant adversary proceeding, which is opposed by Lee Emanuel Heeb Zayas (the "Plaintiff") (Docket Nos. 34 and 42).  For the reasons stated herein, the Defendant's request for the stay of the proceedings is granted.

I.      Position of the Parties

In the complaint, the Plaintiff avers that after filing for bankruptcy on August 2, 2016, the Defendant, having knowledge of the bankruptcy proceeding, violated the automatic stay[1] by

---

[1] 11 U.S.C. § 362.

-1-

issuing a collection notice on March 31, 2020, demanding payment from the Plaintiff of a pre-petition debt.[2] The Plaintiff requests no less than $50,000.00 for damages.

In its Notice of Injunction, the Defendant states that on January 18, 2022, the United States District Court for the District of Puerto Rico entered an Order and Judgment confirming the Modified Eight Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico in the Title III PROMESA case of the Commonwealth of Puerto Rico.[3] (Docket No. 34) The Defendant argues that the confirmed plan provides for a discharge injunction that precludes the Plaintiff's action. The Defendant moves this court to enter an Order holding that all claims by the Plaintiff against the Defendant in the instant adversary proceeding are stayed by the Discharge Injunction included in the Confirmation Order entered by the District Court in the Title III PROMESA case.

The Plaintiff opposes the Defendant's request by asserting, among other things, that the affirmative defense regarding the existence of an injunction was raised late by the Defendant and should be deemed waived (Docket No. 42). The Plaintiff also claims that he had neither notice, nor actual knowledge, of the Title III case for which his claim was not discharged.[4]

II.     Discussion

We find that the Plaintiff's argument that the affirmative defense of injunction was waived because it was untimely, is not supported by the case record. The Defendant's first affirmative defense in its answer to the complaint on Docket No. 9 reads: "The Department of

---

[2] The Plaintiff also alleges that the Defendant violated the discharge order, Section 524 of the Bankruptcy Code, because the internal revenue unified system ("SURI" for its Spanish acronym) continued reporting the Plaintiff's debt after the discharge. The order of discharge in the Plaintiff's bankruptcy case was entered on October 8, 2021. (Docket No. 79, Case 16-06163. Besides the discharge date, the Plaintiff does not provide any other specific dates for the Defendant's asserted actions.

[3] Case No. 17-bk-3283-LTS at the United Stated District Court for the District of Puerto Rico, Docket No. 19813.

[4] The Plaintiff contends that the injunction provisions of the Bankruptcy Code are not intended to deprive courts of the ability to compel compliance with their orders. However, the remedy requested by the Plaintiff is monetary.

Treasury of the Commonwealth of Puerto is covered by the stay in the Tittle III case filed by the Financial Oversight and Management Board for Puerto Rico as representative of the Commonwealth of Puerto Rico and the Order Confirming Modified Eight Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al., pursuant to the Title III of PROMESA. [Case No. 17-bk-3283-LTS, ECF No. 20349]."

The Plaintiff's contention that there is a lack of due notice is also meritless. Due notice of the filing of the Title III petition under PROMESA was given throughout Puerto Rico and the United States. As the District Court expressed in In re Financial Oversight and Management Board for Puerto Rico, 650 B.R. 286, 294 (D.P.R. 2022), "[t]he only potentially relevant exception to discharge of Movant's claim would be if the claim was a debt "owed to an entity that, before confirmation of the plan, had neither notice nor actual knowledge of the case." 11 U.S.C.A. § 944(c)(2) (Westlaw through P.L. 117-168). Here, the [PROMESA] Debtors undertook broad publication of notice of the Commonwealth's Bar Date pursuant to the Bar Date Orders, including publishing notice of the Bar Date in English and Spanish language publications circulating in Puerto Rico and the mainland United States, as well as running radio advertisements throughout Puerto Rico."

Turning now to the Defendant's assertions, we find them to be correct. On January 18, 2022, the District Court confirmed the Commonwealth's Title III Plan, which became effective on March 15, 2022 (the "Effective Date"). Paragraph 56 of the Confirmation Order and section 92.2 of the Plan provide:

> (a) Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, **settlement, discharge and release of, all Claims or**

**Causes of Action against the Debtors and Reorganized Debtors that arose, in whole or in part, prior to the Effective Date**, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever . . . . **Upon the Effective Date, the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date),** and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan.

(b) Except as expressly provided in the Plan or the Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtors and Reorganized Debtors, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, **the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims,** Causes of Action or debt of or against the Debtors and the Reorganized Debtors pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Case pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtors or Reorganized Debtors and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, debt or liability. As of the Effective Date, and in consideration for the value provided under the Plan, each holder of a Claim in any Class under this Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtors and Reorganized Debtors, and their respective Assets and property, all such Claims. [Our

emphasis]

(Confirmation Order ¶ 56(b); Plan § 92.2(b).)

The result of [PROMESA] plan confirmation and the occurrence of the Effective Date is that all "claims" against the Commonwealth arising prior to the Effective Date and not expressly provided for under the Plan have been discharged. In the PROMESA case, the confirmed plan in its Section 92.3 and paragraph 59 of the Confirmation Order provide:

> [A]ll Entities who . . . hold . . . Claims . . . discharged or released . . . pursuant to Section 92.2 of the Plan [Discharge and Release of Claims and Causes of Action] **are permanently enjoined, from and after the Effective Date**, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the Plan against any of the Released Parties [including the Commonwealth] or any of their respective assets or property.... [Our emphasis]

In re Financial Oversight and Management Board for Puerto Rico, 650 B.R. at 295(referring to 11 U.S.C. § 944(b), Plan § 92.2(b); and Confirmation Order ¶ 56(b)).

Finally, the [PROMESA] Plan provides that "All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms"—which is to say permanently, unless modified by this Court. In re Financial Oversight and Management Board for Puerto Rico, 650 B.R. at 296(referring to Plan § 92.25 and Confirmation Order ¶ 66).

The automatic stay violation alleged by the Plaintiff took place on March 31, 2020; a date before the effective date of the [PROMESA] plan on March 15, 2022. Therefore, the present action against the Defendant is subject to the permanent injunction of the order confirming the plan in the Commonwealth's Title III case.

III. Defendant's Alleged Collection Actions Post-PROMESA Discharge Injunction

Given that it may be plausible that certain post-PROMESA actions by the Defendant could be outside the scope of PROMESA's discharge injunction, the above ruling regarding actions alleged to have occurred before the effective date of the PROMESA plan, do not limit the Plaintiff's rights to amend the complaint to provide more specific allegations as to the alleged current and continued posting of discharged debts on SURI.

WHEREFORE, the court grants the Defendant's Notice of Injunction, limited to actions alleged to have occurred before the effective date of the PROMESA plan. Consequently, the hearing scheduled for September 11, 2024, is vacated. The Plaintiff is ordered to inform within 28 days if he wishes to amend the complaint.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of September, 2024.

MILDRED CABAN FLORES
United States Bankruptcy Judge

-6-